Filed 11/21/25  P. v. Kessler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN JOSEPH KESSLER,<br><br>    Defendant and Appellant. | C102351<br><br>(Super. Ct. Nos. 21CF02594,<br>24CF02205) |

Appointed counsel for defendant Brian Joseph Kessler asked this court to review the record and determine whether there any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In May 2021, after a sheriff's deputy reviewed a telephone call made by defendant from jail in which defendant asked an individual named J.D. to retrieve a blue bag from a backyard, Sheriff's deputies executed a search warrant for J.D.'s residence.  J.D. escorted officers to where the blue bag was hidden in a downstairs bedroom closet.  The bag

1

contained plastic bags holding various amounts of methamphetamine, heroin, Oxycodone-Hydrochloride pills, cocaine, and fentanyl.  J.D. admitted the contents of the blue bag were for sale.

In October 2021, the People charged defendant in case No. 21CF02594 (case No. 2594) with possession for sale of a controlled substance in violation of Health and Safety Code section 11351[1] (counts 1, 2 and 3) and possession for sale of a controlled substance in violation of section 11378 (count 4).  As to all counts, the information alleged a prior conviction for violating section 11378; as to count 3, it alleged defendant possessed 14.25 grams of heroin or more (Pen. Code, former § 1203.07, subd. (a)(1); § 11352.5, subd. (1)); and as to count 4, it alleged he possessed an excessive amount of methamphetamine (Pen. Code, former § 1203.073, subd. (b)(2)).

In June 2022, defendant pleaded no contest on counts 1, 2 and 4.  He stipulated that the trial court could consider aggravating factors in pronouncing sentence.  In November 2022, the trial court sentenced defendant in case No. 2594 as follows: the upper term of four years on count 1; a consecutive one year (one-third the middle term) on count 2; and a consecutive eight months (one-third the middle term) on count 4. In a different case, Lassen County case No. 2020CR0019317 (case No. 9317), the trial court sentenced defendant to a consecutive eight months (one-third the middle term) for conspiracy in violation of Penal Code section 182, subdivision (a)(1).  The aggregate sentence was six years four months.

In case No. 2594, the trial court ordered defendant to serve a split sentence: 731 days in county prison and the remaining 1,337 days under mandatory supervision. (Pen. Code, § 1170, subd (h)(5).)  The trial court awarded 173 actual and 172 conduct days of presentence credit, imposed minimum mandatory fines and assessments, and

---

[1]  Undesignated statutory references are to the Health and Safety Code.

reserved jurisdiction on victim restitution. In case No. 9317, the trial court ordered defendant to serve 243 days in county prison and awarded 126 actual and 124 conduct days of presentence credit.

In 2024, defendant admitted violating his mandatory supervision in case No. 2594. The trial court reinstated mandatory supervision with 90 days in county jail and ordered defendant to complete a residential substance abuse program.

In May 2024, defendant and a codefendant were found in possession of 840 to 1,681 doses of fentanyl. The People charged defendant in case No. 24CF02205 (case No. 2205) with possession for sale of a controlled substance in violation of section 11351 (count 1) and transportation for sale of a controlled substance in violation of section 11352, subdivision (a) (count 2). In September 2024, defendant pleaded no contest to count 1.

Later that year, defendant admitted violating his mandatory supervision in case No. 2594.

In October 2024, the trial court reimposed the same sentences in case Nos. 2594 and 9317, and in case No. 2205, it sentenced defendant to a consecutive year in county prison, for a total sentence of seven years four months. The trial court awarded defendant 1664 days of presentence credit and imposed minimum mandatory fines and assessments, except that it imposed certain mandatory supervision revocation fines.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/S/_____

MAURO, J.

We concur:

_____/S/_____

EARL, P. J.

_____/S/_____

HULL, J.